NEW JERSEY GUILD OF HEARING AID DISPENSERS, A NON-PROFIT CORPORATION OF THE STATE OF NEW JERSEY; JOSEPH IACONO AND ROBERT P. AHRENS, APPELLANTS, v. VIRGINIA LONG, DIRECTOR OF THE DIVISION OF CONSUMER AFFAIRS; THE DIVISION OF CONSUMER AFFAIRS, AN AGENCY OF THE STATE OF NEW JERSEY; THE HEARING AID DISPENSERS EX-AMINING COMMITTEE AND THE STATE BOARD OF MEDICAL EXAMINERS, AGENCIES OF THE STATE OF NEW JERSEY UNDER THE JURISDICTION OF THE DI-VISION OF CONSUMER AFFAIRS, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 13, 1976—Decided December 15, 1976.

Before Judges HALPERN, ALLCORN and BOTTER.

*Ms. Deborah W. Babcox* argued the cause for appellants (*Messrs. Kirsten, Solomon, Friedman & Cherin,* attorneys; *Mr. Jack B. Kirsten,* of counsel).

*Mr. Steven I. Kern,* Deputy Attorney General, argued the cause for respondents (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Bertram P. Goltz, Jr.,* Deputy Attorney General, of counsel).

The opinion of the court was delivered by

BOTTER, J. A. D. The Guild (New Jersey Guild of Hearing Aid Dispensers) and two of its officers have filed this appeal to challenge rules and regulations (hereafter "rules") promulgated pursuant to *N. J. S. A.* 45:9A–7 by the Hearing Aid Dispensers Examining Committee (Committee), with the approval of the State Board of Medical Examiners (Board). The rules were filed with the Secretary of State on July 27, 1976 but a temporary stay was issued on appellants' motion pending disposition of this appeal on an accelerated basis.

The Hearing Aid Dispensers Act, *N. J. S. A.* 45:9A–1 *et seq.,* became effective on January 31, 1973. Its purpose was to regulate the practice of hearing aid dispensing in order to protect the health, safety and welfare of our citizens. *N. J. S. A.* 45:9A–1. The Committee was authorized to inquire into the "dispensing and sale of hearing aids," and to make rules and regulations to effectuate the purposes of the act. *N. J. S. A.* 45:9A–7. The seven-member Committee is composed of three hearing aid dispensers, one certified clinical audiologist, one physician who is a diplomate of the American Board of Otolaryngology, one public member and, *ex officio,* the Director of the Division of Consumer Affairs or a representative of the Director. *N. J. S. A.* 45:9A–3. Proposed rules were filed on April 9, 1976, with approval of the Board, and a public hearing was held before the Board on May 21, 1976. Numerous witnesses testified at the hearing, including Virginia Long, Director of the Division of Consumer Affairs. Changes were made in the proposed rules prior to their adoption by the Committee in June 1976 and approval by the Board in July 1976.

Appellants contend that the Legislature did not intend to authorize the regulation of business aspects of selling hearing aids and that the Committee exceeded its delegated authority. We disagree.

The Legislature found that the "practice of hearing aid dispensing" should be regulated. *N. J. S. A.* 45:9A–1. It defined the practice of dispensing and fitting hearing aids to mean the evaluation or measurement of human hearing ability and the "selection * * * adaptation *or sale* of hearing aids intended to compensate for hearing loss * * *." *N. J. S. A.* 45:9A–2(d) (emphasis supplied). A hearing aid dispenser is a person engaged in the "fitting and selling" of hearing aids to persons with impaired hearing. *N. J. S. A.* 45:9A–2(e). *N. J. S. A.* 45:9A–17 gives the Director of the Division of Consumer Affairs power to revoke, suspend or refuse to renew for unethical conduct any license issued pursuant to the act. Such conduct includes the inducement of sales by fraud or misrepresentation, the use of misleading or untruthful advertising, and the use of "bait and switch" advertising methods. *N. J. S. A.* 45:9A–17 (c)(1), (3) and (4). Other indicia of the Legislature's interest in regulating the business practices of hearing aid dispensers are found in *N. J. S. A.* 45:9A–23. This section requires a dispenser to advise a prospective hearing aid user that the examination is not that of a medical practitioner or a certified audiologist. This section also provides that, upon the consummation of a sale, the dispenser must deliver to the purchaser a written receipt detailing certain aspects of the sale, including the terms of any guarantee or express warranty. We note, also, that *N. J. S. A.* 45:9A–26 requires hearing aid dispensers to maintain certain business records for a period of seven years. Thus, there is ample evidence of the legislative intention to regulate the business practices of hearing aid dispensers.

On the erroneous premise that no regulation of such business activity was contemplated, appellants contend that certain provisions in chapter III of the rules are invalid and

serve no legitimate public purpose. These are: §§ 6(a) and 11(A) and (B), which require the itemization of all charges involved in the dispensing and sale of a hearing aid and disclosure to the customer before any services are performed or a purchase agreement signed; § 8, to the extent that it provides that a retail price list of all hearing aids offered for sale should be conspicuously posted in the licensee's office or place of practice; § 11(D), which provides that a retail charge for services and equipment of more than three times the price charged by the hearing aid manufacturer for the hearing aid itself shall be deemed "evidence of overreaching and fraud in the sale of a hearing aid" (it is further provided that the section shall not be construed as setting a maximum or minimum allowable fee); § 10, which provides that no visit shall be made to the home or place of business of a potential buyer for the purpose of inducing the sale of a hearing aid without the express consent of such potential buyer, and § 6, to the extent that it prohibits the use of the term "certified hearing aid audiologist" by a person who is merely licensed as a hearing aid dispenser.

We find no merit to appellants' contentions that these regulations exceed the authority delegated by the statute. As noted above, *N. J. S. A.* 45:9A–23 expressly requires that a prospective hearing aid user be told at the outset that any examination or representation made by the hearing aid dispenser is not an examination or prescription by a person licensed to practice medicine or by a certified audiologist, and cannot be regarded as a medical opinion. The provisions in the act which permit suspension or revocation of a license for making any sale by fraud or misrepresentation are sufficiently broad to encompass implied representations as to the reasonable value of services and equipment furnished, sufficient to justify the establishment of a presumption of overreaching through excessive charges. See *Kugler v. Romain*, 58 *N. J.* 522, 544 (1971), where the court held, in connection with the sale of consumer goods such as educa-

tional books, that unconscionable pricing may be equated with the concepts of deception, fraud and misrepresentation proscribed by *N. J. S. A.* 56:8–2 of the Consumer Fraud Act. The court also stated that a sale at an exorbitant price raises a strong inference of imposition. 58 *N. J.* at 545. Here we note that the regulation in question does not fix a maximum price but merely establishes a guideline that is not conclusive. While upholding the right to establish such a rule, there is no basis in the record before us to determine the reasonableness or unreasonableness of the particular standard, and we do not pass upon that issue. At this juncture the standard is entitled to a presumption of reasonableness.

■ Section 10 of chapter III prohibits a dispenser from visiting a potential customer in his home or office without ' prior consent. Appellants contend that this regulation goes beyond practices specified in *N. J. S. A.* 45:9A–17(c) which constitute unethical conduct. However, *N. J. S. A.* 45:9A–17 is designed to prevent not only specified acts of unethical conduct but also fraud, deceit, incompetence or inefficiency in the practice of dispensing and fitting hearing aids. Subsection (c) provides that incompetence includes, but is not limited to, the improper or unnecessary fitting of a hearing aid. The act is designed to prevent abuses in the sale of hearing aids, and the record shows that such abuses may result from high-pressure, door-to-door solicitation. The testimony showed that an important element in the successful fitting of a hearing aid is the patient's individual motivation, and that initiation of the contact by the client tends to improve the likelihood of success.

■ ■ Appellants also attack § 3 of chapter III insofar as it excludes the activities of audiologists unless they are dispensing hearing aids. Appellants state that this rule has the effect of broadening the statutory exemption provided by *N. J. S. A.* 45:9A–22. Appellants also state that the statutory exemption is "discriminatory and contrary to the public welfare." *N. J. S. A.* 45:9A–22 excludes from regulation any person engaged in fitting hearing aids "if his

practice is part of the academic curriculum of an accredited institution of higher education or part of a program conducted by a public, charitable institution or nonprofit organization, which is primarily supported by voluntary contributions *unless they sell hearing aids."* (Emphasis supplied). Appellants suggest that the provisions in the rules dealing with this exemption should be redrawn so as to clarify the statutory provision in a manner that would better serve the public interest. But we find no infirmity in the particular rule as adopted. Nor can it be faulted because it fails to improve upon the statute as appellants suggest. Moreover, the reasonableness and interpretation of the statute itself are not proper subjects for review in this direct appeal from the administrative action in promulgating the rules.

Appellants also attack § 5 of chapter III which provides that no hearing aid may be sold to a person who has not been given a hearing test conducted in an environment which meets or exceeds certain sound room standards. This rule is to become effective on January 1, 1977. Appellants contend that this does not allow dispensers sufficient time to install proper equipment and sound rooms at their present premises. Whether this is so or not, the requirement for proper testing is not unreasonable. Until proper testing facilities are established at the premises of a hearing aid dispenser the tests will have to be performed at a place where such facilities are available.

Appellants also complain of that part of § 1, chapter III which provides:

An N. J. S. A. 45:9A–16b trainee shall not be permitted to deal with the public in any situation involving the sale, fitting or dispensing of hearing aids or the potential sale, or fitting, or dispensing of hearing aids, except in the presence of his sponsor until all basic requirements have been fulfilled and an N. J. S. A. 45:9A–16a temporary license has been applied for and received.

Appellants contend that this condition might prohibit temporary licensees from engaging in ordinary clerical duties

or preliminary negotiations on sales where professional competence is not required. Appellants' argument is incorrect on two counts. The regulation provides that a trainee shall not "deal with the public * * * except in the presence of his sponsor * * *." We have no occasion to anticipate that this regulation would be interpreted to proscribe the performance of clerical functions not requiring interaction with the public. Appellants also err in stating that professional competence is not required during preliminary negotiations on sales to the public. Therefore we find this rule reasonable.

Lastly, appellants contend that the rules should have been submitted to the Federal Government before they were promulgated. On May 28, 1976 *Public* Law 94-295, the "Medical Device Amendments of 1976," 90 *Stat.* 539, 21 *U. S. C. A.* § 301 *et seq.*, was adopted. It empowers the Secretary of Health, Education and Welfare to promulgate regulations governing the sale, distribution and use of medical devices. 21 *U. S. C. A.* § 360j(e). State regulation is prohibited except for rules approved by the Secretary which are more stringent than the requirements of the act or are justified by compelling local conditions. 21 *U. S. C. A.* § 360k. Although the Food and Drug Administration has proposed the adoption of rules and regulations relating to hearing aid devices (41 *F.R.* 16762–63), no such regulations have become effective. Moreover, it is proposed that state and local governments may impose more stringent conditions for the sale of hearing aids than prescribed by the federal regulations. *Ibid.*, proposed 21 *C. F. R.* § 801.421(a)(4). Appellants have not demonstrated any conflict or preemption of the rules in question, and we see no basis for delaying their effectuation.

Accordingly, we reject appellants' application for a judgment declaring these rules unreasonable and unenforceable and we deny appellants' motion for an injunction.